UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CASE NO.:  3:20-cv-02692-MCR-MJF

STEVEN LAMONT MARKOS,

    Plaintiff,

v.

FLOAT MY BOAT RENTALS LLC
AND CAPTAIN CLEVER
MARKETING, LLC,

    Defendants.

_____

### DECLARATION OF STEVEN LAMONT MARKOS

I, Steven LaMont Markos, declare as follows:

    1.    I am over the age of 18 and otherwise competent to testify. I make the following statements based on personal knowledge.

    2.    I own and operate the website National Park Planner, www.npplan.com.

    3.    In 2014, I started National Park Planner to bring to the public first-hand coverage of the over 400 National Parks that make up America's National Park System, including summaries of the parks' amenities and professional photographs of the terrain.

4. In 2016, I created the image shown below entitled "Gulf-Island-FL-132," and referred to herein as the "Work."



5. I registered the Work with the Register of Copyrights on November 3, 2016 and was assigned the registration number VA 2-022-927. The Certificate of Registration is attached hereto as **Exhibit 1**.

6. Upon creating the Work, I also applied copyright management information ("CMI") to the Work consisting of "© 2016 STEVEN L MARKOS."

7. I own all rights, title, and interest, including the copyright, in and to the Work.

8. Creating the Work required the use of significant skill in lighting and post-production, including: monitoring the environment with regard to atmospheric conditions, cloud cover, image location scouting to identify potential photo

locations, angles, elevations, accessibility, using advanced photo exposure, and in-camera and post-production software used to ensure a common brightness, contrast, clarity, color temperature, color saturation, and color tonality.

9. The Work is scarce due to the significant skill in lighting and post-production required to create the Work.

10. It is my understanding that Defendant FLOAT MY BOAT RENTALS, LLC ("Float") is a Florida Limited Liability Company that owns, operates, and manages the website www.floatmyboatrentals.com and the Instagram handle @floatmyboatrentals.

11. It is my understanding that CAPTAIN CLEVER MARKETING, LLC ("Clever") is a Florida Limited Liability Company that specializes in designing websites, optimizing search engines to discover businesses, and social media marketing.

12. On a date after the Work was created, the Work was copied by Defendants without my permission, and Defendant Float used the Work on its website at www.floatmyboatrentals.com and on its Instagram at the handle @floatmyboatrentals. Evidence of Float's use is attached hereto as **Exhibit 2**.

13. Defendants have never been licensed to use the Work for any purpose.

14. Defendants copied and distributed the Work on the internet to promote the sale of its goods and services to the public as a boat rental company in the Pensacola area.

15. I never gave Defendants permission or authority to copy, distribute or display the Work.

16. Through counsel, I notified Defendants of the allegations set forth in the Complaint on August 15, 2019 and November 18, 2019. To date, Defendants have failed to respond to the notices. Copies of the notices sent to Defendants are attached hereto as **Exhibit 3**.

17. When Defendants copied and displayed the Work, they removed from the Work my copyright management information.

18. I never gave Defendants permission or authority to remove my CMI from the Work.

19. The Fair Market Value of the Work, had Defendants requested a license to reproduce and display the copyrighted Works on its website without attribution, is $895.00 per photograph for the exclusive use during a one-year period. I would charge a comparable amount, based on photo-industry standards and national market rates for display on $1/4^{th}$ the screen size, to a company or similar commercial website to use the image exclusively for a one-year period.

20. The ability of Defendants to reproduce, modify, distribute and display a copy of the copyrighted Work for their own commercial benefit without compensation to me, and their removal of my CMI, greatly impairs the market value of the Work since others competing with that business, or in related business areas, will not want to obtain a license to the Work if it is already associated with a competing business. Similarly, potential licensees of my copyrighted photographs will not want to pay the license fees if they see other commercial enterprises taking and using my photographs for their own commercial purposes without paying any fee at all, nor will prospective clients compensate me for a license absent my CMI.

21. The Work has lost significant value to its scarcity by Defendants' willful, continuing dissemination of a CMI free copy of the Work, which could be accessed and downloaded by others from its website. The Work is now less scarce and less exclusive.

22. The licensing fee alone does not take into account the scarcity of the Work.

23. I believe my actual damages for the Work to be $4,475.00 after considering a scarcity multiplier of 5X to the licensing fee of $895.00.

24. I believe my statutory damages for the Work to be $22,375.00 after considering a willfulness multiplier of 5X to the scarcity multiplier of 5X to the licensing fee of $895.00.

I declare under perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 5, 2021 at Roswell, GA.

*Steven L. Markos*
Steven Lamont Markos