## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

STEVEN LAMONT MARKOS,

     **Plaintiff,**

  **v.**                      **CASE NO. 3:20cv2692-MCR-MJF**

**FLOAT MY BOAT RENTALS LLC**
**and CAPTAIN CLEVER MARKETING, LLC,**

     **Defendants.**

_____

## <u>ORDER</u>

In this copyright infringement case, Plaintiff Steven Lamont Markos ("Markos") requests a Final Default Judgment against Defendants Float My Boat Rentals LLC and Captain Clever Marketing, LLC.  ECF No. 9.  Both Defendants have been served and failed to respond to the Complaint.  A Clerk's default was entered against each Defendant.

## I.    LEGAL STANDARD

By its default, a defendant admits the well-pleaded facts of the complaint.  *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1]  However, default is not an absolute confession of the defendant's liability and the

---

[1] *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting the case law of the former Fifth Circuit developed before October 1, 1981, as precedent in this Circuit).

plaintiff's right to recover; "[t]here must be a sufficient basis in the pleadings for a judgment." *Id*. A default does not admit to facts that are not well-pleaded, nor does it admit conclusions of law. *See id*.  Also, even if the facts of liability are well-pleaded and thus deemed admitted by virtue of the default, the Court must still determine the amount and character of damages to be awarded. *See Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999) (citing *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1988)); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation–other than one relating to the amount of damages–is admitted if a responsive pleading is required and the allegation is not denied.").  A hearing on damages is not necessary and damages may be determined based on affidavits as long as sufficient evidence is submitted to support the request for damages. *See Giovanno v. Fabec*, 804 F.3d 1361, 1366 (11th Cir. 2015) (courts may forego a hearing if "all essential evidence is already of record"); *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003) (requiring a damage award to have "a legitimate [factual] basis," not based solely on a failure to respond); *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (requiring either a hearing or "detailed affidavits" to establish the necessary facts to support an award of damages); *see also Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997) (stating a

hearing may not be necessary but courts cannot merely accept the plaintiff's statement of the damages in its complaint).

The Court finds that the record and affidavits provided are sufficient to decide the motion without a hearing.

## II.    FACTUAL BACKGROUND

On February 6, 2020, Markos filed a Complaint against the Defendants alleging copyright infringement. ECF. No. 1.  According to the well pled allegations, which Defendants have admitted by their default, Markos owns a website named National Park Planner, www.npplan.com, on which he provides first-hand coverage of over 400 National Parks with summaries of their amenities and his professional photographs of the terrain. *Id.* at ¶ 2.  In 2016, he took a photograph entitled Gulf-Island-FL-132 ("Work"), and at the time it was created, he applied the following copyright management information: "© 2016 Steven L. Markos."  *Id.* at ¶¶ 13, 14. Markos registered the Work with the Register of Copyrights on November 3, 2016, and a copy of the Certificate of Registration, copyright #VA 2-022-927, is attached to the Complaint, *see* ECF. No. 1-1.  ECF No. 1 at ¶ 15.

Defendants have no license to use the Work at issue but instead copied the Work from the internet without permission.  The Defendants used the Work by distributing it on the internet to promote their own business activities, such as "the

sale of goods and services as part of [Defendants'] advertising for boat rentals near Pensacola Beach." *Id.* at ¶ 21.   In doing so, Defendants removed Markos's copyright management information ("CMI") from the Work.   *Id.* at ¶¶ 5, 18, 19, 27.   Two infringing internet postings are attached to the Complaint, ECF No. 1-2, as well as two letters dated August 2019 and November 2019, giving notice of the infringing conduct and demanding that it cease, ECF No. 1-3.   Markos received no response to the letters.

Count I asserts a claim of copyright infringement and requests damages and injunctive relief, based on the Defendants' having willfully copied the Work without permission, in violation of 17 U.S.C. §§ 501, 504.   Count II alleges the Defendants removed CMI from the Work knowingly and with the intent to enable or facilitate copyright infringement, in violation of 17 U.S.C. § 1202(b), and requests damages and injunctive relief pursuant to § 1203.   On February 22, 2020 Defendants were served, and the Clerk entered their default on July 2, 2020, ECF No. 8.   To date, Defendants have not appeared in the suit or responded to the Complaint.

To support his claim for damages in light of Defendant's default, Markos states by declaration that a one-year license for the Work to be displayed and distributed on a website would have had a fair market value of $895, if a license had been requested.   *See* ECF No. 9-1.   Markos further states that the Work has lost

CASE NO. 3:20-cv-02692-MCR-MJF

significant scarcity value due to the Defendants' infringement.  He states that the Work is less valuable because other businesses will be less willing to pay a licensing fee if the Work can be obtained for free and because the Work is now associated with another business (that of Defendants).  In addition, Markos states that the Defendants removed his copyright management information and willfully continued to disseminate a free downloadable copy of the Work on their website after receiving cease and desist letters, further devaluing the Work's scarcity.  According to Markos, this loss of scarcity value cannot be compensated by the licensing fee alone, thus a judgment based on a scarcity multiplier as well as a statutory enhancement for willfulness is necessary to deter the infringing conduct.  Markos also requests an award of attorney's fees and costs, supported by his attorney's declaration of the rates charged and time billed, as well as the expert affidavit of Attorney William Hollimon, attesting that the rates and time billed are reasonable and consistent with the local prevailing rates. ECF No. 9-2, ECF No. 11.

In total, Markos requests a judgment in the amount of $79,226.40, which represents (1) copyright infringement damages of $22,375 (consisting of the licensing fee of $895 times 5, as a scarcity multiplier, and that total of $4,475 times 5, as a willfulness multiplier); plus (2) CMI removal damages of $50,000 for two violations; plus (3) attorney's fees in the amount of $6,225, and $626.40 in costs.

CASE NO. 3:20-cv-02692-MCR-MJF

Markos also requests the entry of a permanent injunction to prevent further copyright infringement.

## III.   DISCUSSION

### A.   Copyright Infringement, Count I

To establish a copyright infringement claim, the plaintiff must prove both that he owned a valid copyright in the work and that the defendant copied the protected work. *See* 17 U.S.C. § 501; *Saregama India Ltd. v. Mosley*, 635 F.3d 1284, 1290 (11th Cir. 2011). As damages for infringement, a copyright owner may elect to recover either the owner's actual damages and profits to the infringer, 17 U.S.C. § 504(b), or statutory damages, *id.* § 504(c)(1) (providing for statutory damages with respect to one work of not less than $750 or more than $30,000). Also, if the copyright owner sustains the burden to prove willful infringement, the court has discretion to increase the award of statutory damages up to $150,000. *Id.* § 504(c)(2). "Willful infringement occurs when the Defendant acts 'with actual knowledge or reckless disregard for whether its conduct infringed upon the plaintiff's copyright.'" *Corson v. Gregory Charles Interiors, LLC*, No. 9:19-CV-81445, 2020 WL 6323863, at *2 (S.D. Fla. Aug. 7, 2020) (quoting *Arista Records, Inc. v. Beker Enterprises, Inc.*, 298 F. Supp. 2d 1310, 1313 (S.D. Fla. 2003)). An enhanced award based on willfulness promotes "deterrence of future violations,"

which is a legitimate consideration because "defendants must not be able to sneer in the face of copyright owners and copyright laws." *Cable/Home Communication Corp. v. Network Productions*, 902 F.2d 829, 851 (11th Cir. 1990).

The Court is satisfied from the Complaint, motion, and attached declaration and exhibits that Markos has established ownership of a valid copyright in the Work and that Defendants committed copyright infringement, in violation of § 501. Defendants used the Work on a website and also on an Instagram site promoting its businesses. Markos has elected statutory damages under § 504(c) and, by his detailed declaration, established that $895 is a fair market value for a one-year lease. Markos also has established that this sum does not account for the loss of scarcity value from these violations and Defendants acts of publicly disseminating the Work, which allowed it to be downloaded without attribution to Markos. By their default, Defendants have failed to present any evidence to cast doubt on the scarcity loss or the fair market value of the licensing fee, and therefore, the use of a scarcity multiplier is justified on the facts. *See Leonard v. Stemtech Int'l. Inc.*, 834 F.3d 376, 392-94. (3rd Cir. 2016) (affirming a verdict applying a multiplier of approximately 7.4 based on testimony that a scarcity or exclusivity multiplier of between 3.75 and 8.75 times the licensing fee of cell imaging was required to establish fair market value, and no evidence discounted its use).

CASE NO. 3:20-cv-02692-MCR-MJF

Markos requests a multiplier of five times the licensing fee to account for scarcity. The appropriate multiplier is a matter within the Court's discretion. Some courts in this Circuit have applied multipliers of between three to six times the licensing fee to reflect the market value of specialized photography when considering a motion for default judgment.[2]  *See Affordable Aerial Photography, Inc. v. Palm Beach Real Est., Inc.*, No. 20-81307-CIV, 2021 WL 2823270, at *4 (S.D. Fla. July 7, 2021) (applying a scarcity multiplier of four for specialized photography); *Reiffer v. World Views LLC*, No. 6:20-CV-786-RBD-GJK, 2021 WL 1269247, at *6 (M.D. Fla. Mar. 1, 2021) (applying a scarcity multiplier of five times the licensing fee), *report and recommendation adopted*, No. 6:20-CV-786-RBD-GJK, 2021 WL 1264249 (M.D. Fla. Apr. 6, 2021); *Corson,* 2020 WL 6323863, at *2 (applying a scarcity multiplier of four for photography involving "professional strobe lighting," "custom lighting setups," and other methods for "high-end architectural photography"); *Affordable Aerial Photography, Inc. v. VisitWPB.Com,*

---

[2] Other courts have applied a lower multiplier or none.  *See, e.g., Affordable Aerial Photography, Inc. v. Aaron Chandler Constr., Inc*., No. 20-81185-CV, 2021 WL 2430999, at *3 (S.D. Fla. Mar. 23, 2021) (finding a scarcity multiplier of six to be high for the case, reducing it two); *Stockfood Am., Inc. v. Fernando Arcay Special Events Corp*., Case No. 19-22286-cv-WILLIAMS/TORRES, 2019 WL 9904155, at *3 (S.D. Fla. Dec. 31, 2019) (declining to apply a scarcity multiplier for food-related photographs but applying a multiplier of three times the licensing fee because of the willful violation), *report and recommendation adopted*, 2020 WL 4820472 (S.D. Fla. Jan. 21, 2020).

*Inc.*, Case No. 17-cv-81306-BB, 2018 WL 6519104, at *3 (S.D. Fla. Apr. 23, 2018) (applying a scarcity multiplier of six in a case involving specialized photography).

In support of his request, Markos states by declaration that creating the Work at issue required "significant skill in light and post-production, including: monitoring the environment with regard to atmospheric conditions, cloud cover, image location scouting to identify potential photo locations, angles, elevations, accessibility, using advanced photo exposure, and in-camera and post-production software used to ensure a common brightness, contract, clarity, color temperature, color saturation, and color tonality." ECF No. 9-1 at 2-3. The Court finds this sufficient to justify using a scarcity multiplier of 5 times the licensing fee as requested, for a total of $4,475 as actual damages.

The Court also finds that an enhancement for willfulness under § 504(c)(2) is justified. Markos established willfulness by twice providing notice in writing to the Defendants of the copyright infringement in the form of demand letters which went unanswered and again in the Complaint. Also, willfulness may be inferred from Defendant's default. *See Corson*, 2020 WL 632386, at *3 (finding willfulness based on the defendant's default). Markos requests a willfulness multiplier of five times the actual damages, but he has not submitted case law to support such a high willfulness multiplier. Courts have upheld two or three times the licensing fee or

CASE NO. 3:20-cv-02692-MCR-MJF

actual damages as reasonable for willful infringement.[3]  *See e.g.*, *Reiffer*, 2021 WL 1269247, at *5 (applying a scarcity multiplier of five to the licensing fee for actual damages and applying a willfulness multiplier of three times actual damages as reasonable and justified by the defendant's default); *Affordable Aerial Photography, Inc. v. VisitWPB.Com, Inc*., 2018 WL 6519104, at *3 (applying scarcity multiplier of six to licensing fee to reach actual damages, to which a multiplier of three was applied for willfulness); *Major Bob Music v. Stubbs*, 851 F. Supp. 475, 481 (S.D. Ga. 1994) (determining statutory damages in an amount approximately three times what the defendant would have paid to be licensed is "a modest, just and appropriate award under section 504(c)(1)").  The Court finds that a willfulness multiplier of three times the actual damages is reasonable on the facts of this case.  This award is sufficient to provide deterrence yet avoid a windfall to Markos, and it is well within the statutory range.  Thus, an award of $13,425 (three times the actual damages of $4,475) is appropriate for copyright infringement under Count I.

---

[3] *See also Markos v. Yacht Charters of Miami.com, LLC*, No. 19-22284-CV, 2019 WL 8989936, at *3 (S.D. Fla. Oct. 2, 2019) (rejecting Stephen Markos's request for a total award of damages in an amount that was sixty times greater than the subject licensing fee), *report and recommendation adopted*, No. 19-22284-CIV, 2019 WL 8989935 (S.D. Fla. Oct. 23, 2019).

**B.      Removal of CMI, Count II**

It is also unlawful to "intentionally remove or alter any copyright management information" or to "distribute . . . copies of works . . . knowing that copyright information has been removed or altered without the authority of the copyright owner." 17 U.S.C. § 1202(b)(1), (3).  An action for removal of CMI requires proof that the copyright information was removed from a plaintiff's product or original work. *See id.* § 1202(b); *Faulkner Press, LLC v. Class Notes, LLC*, 756 F. Supp. 2d 1352, 1359 (N.D. Fla. 2010). Either actual damages or statutory damages are authorized for a violation, *see* 17 U.S.C. § 1203(c), and statutory damages may be awarded in a sum that is not less than $2,500 up to $25,000 per violation of § 1202. *See id.* § 1203(c)(3)(B).  Courts have "wide discretion" in awarding statutory damages within that range. *Compare Affordable Aerial Photography, Inc. v. Palm Beach Real Est., Inc.*, 2021 WL 2823270, at *5 (internal quotations omitted) (awarding $10,000 per violation for removal of CMI from copyrighted images), *with Affordable Aerial Photography, Inc. v. Aaron Chandler Constr., Inc*., No. 20-81185-CV, 2021 WL 2430999, at *4 (S.D. Fla. Mar. 23, 2021) (awarding $2,500 for each of the three individual instances of CMI removal).

The record establishes that Defendants twice removed the CMI from the Work and distributed it via a website and an Instagram account.  Thus, the Court is satisfied

that Markos has established the removal of CMI on two occasions, in violation of 17 U.S.C. § 1202(b). As damages, Markos requests the maximum statutory amount allowed for each violation ($25,000) as authorized under § 1203(c)(3)(B),  for a total of $50,000, contending that the CMI removal and distribution greatly impaired the value of the Work.

Although the Court agrees that the violations were willful, not innocent, and impaired the value of the Work, the Court concludes that an award of the maximum statutory amount would be excessive and create a windfall to Markos.  Markos relies on *Stockwire Research Group, Inc. v. Lebed*, in which the court awarded the maximum statutory damages for CMI removal based on the "willful and continuing nature" of the violation.  577 F. Supp. 2d 1262, 1267 & n.8 (S.D. Fla. 2008).  But absent from the conclusion in *Stockwire* is any further supportive reasoning, without which the undersigned finds the case lacks persuasive value for awarding the maximum amount.  The Court concludes that an award of $5,000 per violation is more in line with the record in this case.  This award represents more than Markos's actual damages and takes into account the loss of the Work's scarcity value.  Given Defendants' two CMI violations and the continuing nature of the conduct, a total award of $10,000 for the CMI removal alleged in Count II is sufficient and appropriate to adequately compensate for the willful removal.  *See generally,*

CASE NO. 3:20-cv-02692-MCR-MJF

*McPherson v. Seaduced, LLC*, No. 8:14-CV-2315-T-33, 2015 WL 1811029, at *5 (M.D. Fla. Apr. 21, 2015) (finding the minimum statutory award, which was more than twice the licensing fee, a reasonable statutory award for willful removal of CMI).

### C.   Attorney's Fees & Costs

Markos also requests attorneys' fees in the amount of $6,225 and costs in the amount of $626.40. ECF No. 9 at 15.  Pursuant to 17 U.S.C. § 505, "the court in its discretion may allow the recovery of full costs by or against any party," and "the court may also award a reasonable attorney's fee to pay the prevailing party as part of the costs."  *Id.*; *see also Original Appalachian Artworks, Inc. v. Toy Loft, Inc.*, 684 F.2d 821, 832 (11th Cir. 1982) (explaining that in a copyright case, "the only preconditions to an award of fees case [are] that the party receiving the fee be the 'prevailing party' and that the fee be reasonable").  "[T]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  A reasonable hourly rate is based on the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation. *See Gains v. Dougherty Co. Bd. of Educ.*, 775 F.2d 1565, 1571 (11th Cir. 1985).  The burden of

establishing entitlement to an award of attorney's fees and documenting the compensable hours and hourly rates is on the party requesting the award. *See Norman v. Housing Auth. of Montgomery,* 836 F.2d 1292, 1303 (11th Cir. 1988). Also, in determining the appropriate fee, the court may use its own discretion and expertise. *See id.* at 1304 (noting, "the district court has wide discretion in exercising its judgment on the appropriate fee based on its own expertise").

Markos provided documentation by invoice and declaration of his own attorney regarding the requested fees and costs incurred in the case. The billing invoice documents a total of $6,225,[4] billed by attorneys and paralegals as follows:

| | | |
|---|---|---|
| Attorney Joel B. Rothman | Rate: $475 per hour | .2 hours |
| Attorney Joseph Dunne | Rate: $450 per hour | .1 hours |
| Attorney Craig Wirth | Rate: $325 per hour | 10.9 hours |
| Paralegal Jamie James | Rate: $200 per hour | 1.8 hours |
| Paralegal Michael Mulvaney | Rate: $200 per hour | 6.4 hours |
| Paralegal Lia DiNuzzo | Rate $175 per hour | 3.6 hours |

Markos also provided the expert declaration of Mr. Hollimon, an independent attorney addressing the reasonableness of the claimed hours spent and rates billed in

---

[4] The motion inconsistently requests an award of attorney's fees in the amount of $6,225 on page 15 and, without explanation, requests attorney's fees in the amount of $5,712.50 on page 17. ECF No. 9. Mr. Rothman's declaration states that the hours expended on the matter add up to $5,712.50, but the invoice documents reflect $6,225 in attorney's fees, and the sum of $6,225 is stated in the proposed judgment that Markos submitted. In light of these discrepancies, the Court's calculation is based on the amount invoiced.

light of the local prevailing rates. *See* N.D. Fla. Loc. R. 54.1(E)(2); *see also Am. C.L. Union of Georgia v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999) (noting the general rule that the relevant market for attorney's fees is the location where the case is filed). In Mr. Hollimon's opinion, the rate of $475 claimed by Mr. Rothman is reasonable for a managing partner with more than 20 years' experience, as is the time of .2 hours expended on this matter; the rate of $450 claimed by Mr. Dunne, is reasonable for a partner in practice more than 10 years, as is the time of .1 hours he expended on this matter; and the billing rate of $325 claimed by Mr. Wirth, is reasonable for an associate, as is the time of 10.9 hours he expended on the matter. The Court agrees and finds that the attorney rates and hours billed are reasonable for this default copyright infringement case.

However, Mr. Hollimon's statement that a paralegal rate of $200 per hour is reasonable in light of "the local prevailing rates" is conclusory and not tied to any documented experience or expertise on the part of the paralegals named. Moreover, in the absence of any justifying details, the Court in its expertise disagrees with the bare conclusion that $200 is a reasonable paralegal rate in the prevailing local market. A review of decisions in the Northern and Middle Districts of Florida over the last two or three years indicates that reasonable paralegal rates in the relevant market range from $85 at the low end to $165 as the top award for experienced

CASE NO. 3:20-cv-02692-MCR-MJF

paralegal work.  *See, e.g., Prison Legal News v. Inch*, 411 F. Supp. 3d 1198, 1208 (N.D. Fla. 2019) (finding reasonable a paralegal rate of $160); *Brinkman v. Mitchell-Proffitt Co*., No. 3:16CV422-MCR-HTC, 2019 WL 2245566, at *2 (N.D. Fla. May 3, 2019) (finding a paralegal rate of $165 reasonable for intellectual property work given the particular level of skill and experience of the individuals), *report and recommendation adopted*, No. 3:16CV422-MCR-HTC, 2019 WL 2374872 (N.D. Fla. June 5, 2019); *Sims v. Pampered Pets, LLC*, No. 3:16CV653/MCR/EMT, 2019 WL 1368431, at *4 (N.D. Fla. Feb. 20, 2019) (finding reasonable a paralegal rate of $100 per hour), *report and recommendation adopted*, No. 3:16CV653-MCR/EMT, 2019 WL 1331282 (N.D. Fla. Mar. 25, 2019); *Sandshaker Lounge & Package Store, LLC v. RKR Beverage, Inc*., No. 3:17CV686-MCR-CJK, 2018 WL 6829048, at *5 (N.D. Fla. Sept. 7, 2018) (finding paralegal rates in the area ranging from $85 to $125); *see also Reiffer v. World Views LLC*, No. 6:20-CV-786-RBD-GJK, 2021 WL 1269247, at *5 (M.D. Fla. Mar. 1, 2021) (awarding a rate of $125, which the court deemed the medium paralegal rate in Florida, in the absence of evidence to suggest that the paralegal's experience justified a higher rate), *report and recommendation adopted*, No. 6:20-CV-786-RBD-GJK, 2021 WL 1264249 (M.D. Fla. Apr. 6, 2021); *Deltona Transformer Corp. v. Odes Indus. LLC*, No. 620CV527ORL40GJK, 2021 WL 1819231, at *2 (M.D. Fla. Jan. 26, 2021) (reducing the paralegal rate to $125

where no explanation of the paralegal's experience was offered or any other support for her rates), *report and recommendation adopted*, No. 6:20-c-527-PGB-GJK, 2021 WL 1817093 (M.D. Fla. Mar. 15, 2021); *Bork v. Tran Huong Quynh,* No. 2:19cv354-FTM38MRM, 2020 WL 6366189, at *2 (M.D. Fla. Oct. 14, 2020) (finding paralegal rate of $120 reasonable, noting that a Florida Bar survey had found $125 as the median hourly rate for paralegals), *report and recommendation adopted*, No. 219cv354-FTM38MRM, 2020 WL 6363847 (M.D. Fla. Oct. 29, 2020). Even assuming an hourly paralegal billing rate of $200 could be justified in an appropriate case, no documentation of experience or any other factors are offered here to warrant applying that rate in this case.[5]   Therefore, a reduced rate of $125 per hour will be awarded for the paralegal work.  The Court finds that the hours billed are reasonable.  The difference between the total for paralegal fees between the rate billed and the rate awarded amounts to $795, which will be subtracted from the overall award.[6]  Consequently, attorney's fees will be awarded in the amount of $5,430.

---

[5] Similarly, in another case filed by Markos, the Southern District of Florida in 2019 reduced the requested paralegal fee rate from $200 to a rate of $100 per hour. *See Markos v. Yacht Charters of Miami.com, LLC*, Case No. 19-22284-cv-Scola/Torres, 2019 WL 8989936, at *5 (S.D. Fla. 2019).

[6] At the rates billed, the paralegal fees were charged as follows:  $360 for James, $1,280 for Mulvaney, and $630 for DiNuzzo, totaling $2,270 for the paralegal work.  Using instead a rate of $125 per hour for each, the paralegal charges are reduced to a total of $1,475, consisting of $225

Under § 505, the prevailing party is also entitled to recover "full costs."  The Supreme Court has clarified that the term "full costs" as stated in the Copyright Act "means the costs specified in the general costs statute, §§ 1821 and 1920."  *Rimini St., Inc. v. Oracle USA, Inc.*, 139 S. Ct. 873, 881 (2019).  Markos requests $626.40 for costs incurred for priority mail shipment of documents, the filing fee, and service of process.  ECF Nos. 9-2 (attorney declaration), 9-3 (invoice).  Pursuant to § 1920, the costs of fees incurred for the service of process and fees for filing are recoverable, but there is no provision for the costs of mailing.  *See Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir. 1996) (noting postage is "clearly nonrecoverable").  Therefore, the sum of $8.65 will be deducted from the cost request, for a total award of $617.75.

---

for James; $800 for Mulvaney; and $450 for DiNuzzo.  The difference of $795 will be subtracted from the amount requested for a total award of $5,430 ($6,225 –$795).

**D.    Permanent Injunction**

A court may "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. §502(a).  A party moving for a permanent injunction must show: (1) actual success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the balance of harm favors equitable relief and outweighs any damage the proposed injunction may cause the opposing party; and (4) that if issued, the injunction would not be adverse to the public interest.  *Angel Flight of Georgia, Inc. v. Angel Flight of America, Inc.*, 522 F.3d 1200, 1208 (11th Cir. 2008); *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1097 (11th Cir. 2004).

In this case, each element is established by Defendants' default and willful and continuing infringement.  *See Virgin Records Am., Inc. v. Courson*, No. 3:07-cv-195-J-33MCR, 2007 WL 3012372, *2 (M.D. Fla. Oct. 12, 2007) (success on the merits and irreparable damage are satisfied by a defendant's default). "Copyright infringements are presumed to cause irreparable harm," *id.*, and the record here establishes that the Defendants' willful infringement continued after notice.  *See Arista Records,* 298 F. Supp. 2d at 1315 (stating the "blatant and reckless nature of Defendants' infringements more than warrant the requested injunction").  Also, the balance of equity weighs in favor of granting the permanent injunction.  There is no

harm to Defendants from an injunction precluding further infringement of a copyright owned by Markos, and it is in the public interest to uphold copyright protections. *See Affordable Aerial Photography, Inc. v. Palm Beach Real Est., Inc*., 2021 WL 2823270, at *6. The Court finds that Markos has established the elements necessary to grant injunctive relief.

Accordingly:

1. The Plaintiff's Motion for Default Judgment against the Defendants, ECF No. 9, is **GRANTED**. Plaintiff, Steven Lamont Markos, is entitled to a default final judgment in his favor against the Defendants Float My Boat Rentals, LLC and Captain Clever Marketing, LLC, in the total amount of $29,472.75, consisting of:

    (1) Count I: Statutory damages for Copyright Infringement: $13,425;

    (2) Count II: Statutory damages of $10,000;

    (3) Attorney's fees: $5,430;

    (4) Costs: $617.75;

plus prejudgment interest on the $23,435 award of statutory damages [the sum of (1) and (2) above] at the annual percentage rate calculated pursuant to 28 U.S.C. § 1961 from February 6, 2020, through the date of this judgment.[7] Plaintiff is entitled to

---

[7] In the absence of a controlling statute, the prejudgment interest rate for an award based on federal law is within the court's discretion. *Werner Enter., Inc. v. Westwind Maritime Intern'l*, CASE NO. 3:20-cv-02692-MCR-MJF

post-judgment interest on the total award at the statutory rate from the date of judgment until it is paid.

2.    Plaintiff's Request for a Permanent Injunction is **GRANTED**. Defendants and their officers, agents, servants and employees are directed to cease and desist from all infringing conduct with regard to copyright #VA 2-022-927 and are permanently enjoined from infringing on copyright #VA 2-022-927.

3.    The Clerk is directed to enter a default final judgment consistent with this Order and close the file.

**DONE and ORDERED** this <u>11th</u> day of August, 2021.

*M. Casey Rodgers*

**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

---

*Inc.*, 554 F.3d 1319, 1328 (11th Cir. 2009); *see also Gucci Am., Inc v. Borseonlineshop.com*, No. 12-24048-CIV, 2013 WL 12112489, at *6 (S.D. Fla. Sept. 17, 2013) (applying the federal post-judgment rate to an award of pre-judgment interest for a trademark violation). Courts have awarded prejudgment interest on statutory damages for copyright violations where the infringing activity was willful and deliberate. *See, e.g., Artisan Contractors Assoc. of America v. Frontier Ins. Co.*, 275 F.3d 1038, 1039 (11th Cir. 2001) (affirming and noting that the district court had awarded prejudgment interest on statutory damages under the Copyright Act where willful infringement was found). Here, the Court has found that the infringement was willful, and although Markos failed to specifically request prejudgment interest with supporting authority and provided no calculations, *see, e.g., Affordable Aerial Photography, Inc. v. Palm Beach Real Est., Inc.*, 2021 WL 2823270, at *5 (denying a request for prejudgment interest unsupported by explanation or authority); *McKennon v. NewsCastic, Inc.*, No: 6:18-cv-323-Orl-41DCI, 2018 WL 5847424, at *7 (M.D. Fla. Sep. 7, 2018) (same), *report and recommendation adopted by*, 2018 WL 5840687 (M.D. Fla. Nov. 8, 2018), "courts around the nation have determined that an award of prejudgment interest is warranted in copyright cases," *Campbell v. Bennett*, No. 1:18-CV-01064-CAP, 2021 WL 3280523, at *4 (N.D. Ga. Mar. 2, 2021) (citing cases). The Court does the same here.

CASE NO. 3:20-cv-02692-MCR-MJF